ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| **COOPEERATIVA HIDROELÉCTRICA DE LA MONTAÑA**<br><br>Apelante<br><br>v.<br><br>**DEPARTAMENTO DE VIVIENDA DE PUERTO RICO; ESTADO LIBRE ASOCIADO DE PUERTO RICO**<br><br>Apelados | TA2025AP00566 | **APELACION** procedente del Tribunal de Primera Instancia, Sala Superior de **San Juan**<br><br>Civil Núm.: **SJ2025CV09995**<br><br>Sobre: Mandamus |

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Mateu Meléndez, la Jueza Boria Vizcarrondo y el Juez Robles Adorno.

Boria Vizcarrondo, Jueza Ponente.

### SENTENCIA

En San Juan, Puerto Rico, a 18 de diciembre de 2025.

Comparece la Cooperativa Hidroeléctrica de la Montaña (Cooperativa o parte apelante) mediante una *Apelación* en la que nos solicita que revoquemos una *Sentencia* emitida por el Tribunal de Primera Instancia (TPI), Sala Superior de San Juan, el 4 de noviembre de 2025.[1] Mediante dicho dictamen, el foro primario desestimó sin perjuicio su petición de *mandamus* por falta de jurisdicción.[2]

Por los fundamentos que expondremos a continuación, revocamos la *Sentencia* apelada.

### I.

El caso de marras tiene su génesis el 31 de octubre de 2025 cuando la parte apelante presentó una solicitud de *mandamus*.[3] contra el Departamento de la Vivienda y el Estado Libre Asociado de

---

[1] Sistema Unificado de Manejo y Administración de Casos (SUMAC), Entrada Núm. 5. Notificada y archivada en autos el 4 de noviembre de 2025.
[2] *Íd.*, Entrada Núm. 1.
[3] *Íd.*

Puerto Rico (en conjunto, parte apelada) suplicando del foro primario que ordenara a dicha agencia administrativa a contestar una revisión administrativa[4] y al Oficial Examinador a señalar fecha para una vista en su fondo. La parte apelante expuso haber radicado el auto de *mandamus*, posterior al recibimiento de una carta del Departamento de la Vivienda denegando su petición para participar en el programa *Electrical Power Reliability and Resilience* (ER2);[5] y luego de presentar una solicitud de reconsideración al respecto,[6] también denegada por el ente administrativo.[7]

Al tratarse de un auto de *mandamus*, el foro primario emitió una *Orden* el 3 de noviembre de 2025 donde solicitó evidencia del requerimiento previo, conforme a la Regla 54 de Procedimiento Civil, 32 LPRA Ap. V, R. 54, y la jurisprudencia interpretativa.[8]

A esos efectos, el 3 de noviembre de 2025, la parte apelante presentó una *Moción en cumplimiento de orden*, junto a unas mociones radicadas ante el Oficial Examinador y un correo electrónico cursado a funcionarios del Departamento de la Vivienda.[9]

A pesar de lo anterior, el TPI dictó una *Orden* ese mismo día en la que determinó carecer de jurisdicción para revisar la determinación administrativa de la agencia.[10] Resolvió que las mociones presentadas durante el trámite administrativo no cumplieron con el propósito básico y primordial de un requerimiento previo, exigido para la presentación del *mandamus* en cuestión.

---

[4] *Íd.*, Anejo 5; véase además, *Íd.*, Anejos 6-8. La parte apelante presentó una revisión administrativa ante el Oficial Examinador del Departamento de la Vivienda el 4 de octubre de 2024. Posteriormente, el ente administrativo radicó una *Moción de desestimación por falta de jurisdicción* el 13 de enero de 2025, denegada el 5 de agosto de 2025 por el Oficial Examinador.

[5] *Íd.*, Anejo 2.

[6] *Íd.*, Anejo 3.

[7] *Íd.*, Anejo 4.

[8] *Íd.*, Entrada Núm. 2. Notificada y archivada en autos el 3 de noviembre de 2025.

[9] *Íd.*, Entrada Núm. 3.

[10] *Íd.*, Entrada Núm. 4. Notificada y archivada en autos el 3 de noviembre de 2025.

Asimismo, el foro *a quo* emitió una *Sentencia* el 4 de noviembre de 2025 donde desestimó sin perjuicio la petición de *mandamus* en cuestión.[11] Específicamente, resolvió que la parte apelante no presentó prueba del requerimiento previo, por lo que, ante la carencia de este, la controversia presentada no estaba madura para su adjudicación.

Inconforme, la parte apelante radicó una *Moción de reconsideración* el 7 de noviembre de 2025,[12] denegada por el foro primario ese mismo día.[13]

Insatisfecha, la parte apelante presentó una *Apelación* ante nos el 18 de noviembre de 2025 y expuso el siguiente señalamiento de error:

> **ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DESESTIMAR EL RECURSO DE MANDAMUS, PUES EN EFECTO LA PARTE APELANTE LE HIZO EL REQUERIMIENTO PREVIO A LA AGENCIA – DEPARTAMENTO DE LA VIVIENDA – ANTES DE RADICAR EL MISMO, CUMPLIENDO CON LOS REQUISITOS DE LA LEY Y JURISPRUDENCIA.**

Después de examinar con detenimiento el recurso de epígrafe, optamos por prescindir de los términos, escritos o procedimientos ulteriores "con el propósito de lograr su más justo y eficiente despacho". Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025).

## II.

### A.

El auto de *mandamus* es un escrito altamente privilegiado dictado por el Tribunal Supremo de Puerto Rico o el foro primario. Este recurso tiene como propósito "ordenar a cualquier persona natural, corporación o a un tribunal de inferior jerarquía que

---

[11] *Íd.*, Entrada Núm. 5. Notificada y archivada en autos el 4 de noviembre de 2025.
[12] *Íd.*, Entrada Núm. 6.
[13] *Íd.*, Entrada Núm. 7. Notificada y archivada en autos el 7 de noviembre de 2025.

cumpla o ejecute un acto que forma parte de sus deberes y atribuciones". *AMPR v. Srio. Educación*, E.L.A., 178 DPR 253, 263 (2010); Artículo 649 del *Código de Enjuiciamiento Civil de Puerto Rico de 1933* (Código de Enjuiciamiento Civil), según enmendado, 32 LPRA sec. 3421. Además, el recurso puede aplicarse a funcionarios públicos, al igual que a cualquier ente administrativo, junta o tribunal de nuestro sistema judicial, siempre que estos estén obligados a ejecutar una actuación mandatada por ley. Por tal razón, aquella persona afectada por el incumplimiento de un deber ministerial puede solicitar el recurso. *AMPR v. Srio. Educación*, E.L.A., *supra*, pág. 265.

Ahora bien, solamente se utiliza el auto de *mandamus* para exigir el cumplimiento de un deber ministerial o impuesto por ley, y, por ende, no admite discreción en su ejercicio. Es decir, es imperativo y mandatorio. *AMPR v. Srio. Educación*, E.L.A., *supra*, pág. 263; *Espina v. Calderón, Juez, y Sucn. Espina, Interventora*, 75 DPR 76, 84 (1953); *Álvarez de Choudens v. Tribunal Superior*, 103 DPR 235, 242 (1975). Cónsono con lo anterior, el requisito fundamental para expedir este auto reside en la constancia de un deber definido por ley exigiendo la acción requerida. *AMPR v. Srio. Educación*, E.L.A., *supra*, págs. 263-264. En otras palabras, "si la ley prescribe y define el deber que debe cumplirse con tal precisión y certeza que nada deja al ejercicio de la discreción o juicio, el acto es ministerial". *AMPR v. Srio. Educación*, E.L.A., *supra*, pág. 264. Por ende, no se trata de una mera directriz o disposición requiriendo hacer algo, sin más, sino que debe tratarse de un mandato específico que la parte demandada debe cumplir, sin permitirle decidir si cumplir o no con lo solicitado. Así, "los deberes discrecionales quedan fuera del ámbito del recurso de *mandamus*". *AMPR v. Srio. Educación*, E.L.A., *supra*, pág. 264.

De igual modo, el recurso de *mandamus* es altamente privilegiado; es decir, su expedición descansa en la sana discreción del tribunal y no procede cuando existe un remedio ordinario dentro del curso de ley " 'porque el objetivo del auto no es reemplazar remedios legales sino suplir la falta de ellos' ". *AMPR v. Srio. Educación,* E.L.A., *supra,* pág. 266 (*citando a* R. Hernández Colón, *Derecho Procesal Civil,* 4ª ed. rev., San Juan, LexisNexis, 2007, pág. 477).

Por otro lado, el proceso para expedir un recurso de *mandamus* está incluido en la Regla 54 de Procedimiento Civil, *supra,* y preceptuado por la jurisprudencia interpretativa. *AMPR v. Srio. Educación,* E.L.A., *supra,* pág. 267. Procesalmente, "debe existir un requerimiento previo del peticionario hacia el demandado para que éste cumpla con el deber exigido, salvo algunas excepciones". *AMPR v. Srio. Educación,* E.L.A., *supra,* pág. 267. Asimismo, en la petición de *mandamus,* también se debe argüir la negativa o la omisión del funcionario en darle curso al deber exigido, excepto cuando el requerimiento hubiese sido infructuoso o cuando el deber que se pretende exigir es uno de carácter público, a diferencia de uno que solo afecta el derecho del peticionario. *AMPR v. Srio. Educación,* E.L.A.*, supra,* pág. 267.

En esa misma línea, la carga probatoria en la concesión o denegatoria de un recurso de *mandamus* descansa sobre la parte peticionaria. Esta tiene la obligación de demostrar la existencia de un deber ministerial que no ha cumplido un funcionario público demandado, y, aun así, se puede denegar el auto. *AMPR v. Srio. Educación,* E.L.A., *supra,* pág. 269. Ahora bien, su expedición <u>no debe ser mecánica</u>, sino del resultado de los requisitos estatutarios, jurisprudenciales y de un balance entre los intereses en conflicto y la utilidad social e individual. *AMPR v. Srio. Educación,* E.L.A., *supra,* pág. 268. Una vez la parte peticionaria prueba la existencia

de una directriz obligatoria y que esta no se ha cumplido, le corresponde al funcionario sobre el que recae dicho deber la carga probatoria. Es decir, no puede depender de meras alegaciones, sino que debe evidenciar que la concesión del recurso de *mandamus* afectaría negativamente un interés público mayor o simplemente se le hace imposible darle cumplimiento al mismo. Además, por preponderancia de la prueba, el funcionario debe colocar al tribunal en posición de constatar el impacto o el perjuicio alegado. Solo así, estará el foro juzgador en posición de decidir si denegar el recurso. *AMPR v. Srio. Educación*, E.L.A., *supra*, págs. 269-270.

**B.**

A tenor con nuestro ordenamiento constitucional, ninguna persona puede ser privada de su propiedad sin un debido proceso de ley. Artículo II, Sección 7, Const. ELA, LPRA, Tomo 1; Emdas. V y XIV, Const. EE. UU., LPRA, Tomo 1. El debido proceso de ley se manifiesta en dos dimensiones; a saber, la sustantiva y la procesal. *Domínguez Castro v. E.L.A.*, 178 DPR 1, 35 (2010). En su esfera sustantiva, el Estado está impedido de aprobar estatutos o realizar actos que afecten irrazonable, arbitraria o caprichosamente los intereses de propiedad o libertad de las personas. *Hernández v. Secretario*, 164 DPR 390, 394-395 (2005).

Por otro lado, bajo su vertiente procesal, el debido proceso de ley impone al Estado la obligación de garantizar a los individuos que cualquier interferencia con sus intereses de libertad o propiedad se harán por medio de un proceso justo y equitativo. *Calderón Otero v. C.F.S.E.,* 181 DPR 386, 398 (2011); *Pueblo v. Montero Luciano*, 169 DPR 360, 371 (2006). Es decir, para que entre en vigor la protección que ofrece este derecho debe estar en juego un interés individual de libertad o propiedad. *Rivera Rodríguez & Co. v. Stowell Taylor*, 133 DPR 881, 887 (1993). Una vez se cumple esta exigencia, procede

determinar cuál es el procedimiento exigido. *Rivera Rodríguez & Co. v. Stowell Taylor, supra,* pág. 887.

Como consecuencia de este mandato constitucional, los procesos adjudicativos deben observar una serie de garantías mínimas; a saber, "(1) notificación adecuada del proceso; (2) proceso ante un juez imparcial; (3) oportunidad de ser oído; (4) derecho a contrainterrogar testigos y examinar evidencia presentada en su contra; (5) tener asistencia de abogado, y (6) que la decisión se base en el récord". *Román Ortiz v. Oficina de Gerencia de Permisos,* 203 DPR 947, 954 (2020); *Aut. Puertos v. HEO,* 186 DPR 417, 428 (2012); *PVH Motor, LLC v. Junta de Subastas de la Administración de Servicios Generales,* 209 DPR 122, 131 (2022); *Hernández v. Secretario, supra,* págs. 395-396.

### III.

En el presente caso, nos toca dirimir si el foro primario incidió al desestimar la petición de *mandamus* radicada por la parte apelante.

Según el foro primario, la controversia no estaba madura para su adjudicación, dado a que la parte apelante no presentó evidencia de haber realizado el requerimiento previo como requisito esencial para la expedición del *mandamus.* En cuanto a las mociones del trámite administrativo, el TPI dictaminó que estas no cumplieron con el propósito básico y primordial del requerimiento previo. Consecuentemente, desestimó con perjuicio la petición de *mandamus* radicada por la parte apelante por falta de jurisdicción.

Inconforme, la parte apelante arguyó que las mociones y el correo electrónico, en conjunto, cumplían con el requisito de requerimiento previo. Adujo que el Departamento de la Vivienda tenía el deber ministerial de contestar la revisión administrativa y el Oficial Examinador ostentaba la directriz ministerial de resolver el caso en o antes de seis (6) meses, mas no lo hicieron.

Tal como pormenorizamos anteriormente, "[c]omo principio fundamental del debido proceso se ha consagrado el derecho de toda persona a ser oído antes de ser despojado de algún interés protegido; esta oportunidad de ser oído debe ser en: a meaningful time and a meaningful manner". *Rivera Rodríguez & Co. v. Stowell Taylor*, *supra*, pág. 889 (Énfasis suprimido). En otras palabras, la privación de la propiedad o libertad sin una notificación u oportunidad de ser oído se ha considerado siempre ajeno al debido proceso de ley y, en ocasiones, fuente de responsabilidad civil. *Rivera Rodríguez & Co. v. Stowell Taylor, supra*, pág. 889.

En el presente caso, el foro primario desestimó la petición de *mandamus* previo a la expedición del emplazamiento dirigido a la parte apelada. Erró al así proceder, pues la parte apelante tenía derecho a la garantía procesal de ser oída por un tribunal con relación a la suficiencia de su demanda, además de presentar prueba en apoyo a sus alegaciones con el propósito de obtener el remedio del *mandamus*, de proceder en derecho. De igual modo, el dictamen apelado contravino un pilar esencial de política pública que guía nuestro sistema judicial; a saber, el acceso a la justicia, definida como " 'el conjunto de condiciones que facilitan o dificultan el que determinados grupos, sectores o personas puedan hacer uso equitativo de los mecanismos y procesos [necesarios] para la prevención de la violación de los derechos, para la solución de controversias y para la obtención de remedios legales' ". E. Rivera Ramos, *El acceso a la justicia en Puerto Rico: Antecedentes desarrollos y retos*, 86 (Núm. 3) Rev. Jur. UPR 801 (2017) (*citando a* E. Rivera Ramos, Las múltiples caras del acceso a la justicia, en PRIMER CONGRESO ACCESO A LA JUSTICIA – XXII CONFERENCIA JUDICIAL 8 (2002); Artículo 4.002 de la *"Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003"*, Ley

Núm. 201 del 22 de agosto de 2003, según enmendada, 4 LPRA sec. 24u.

Por ende, el foro primario incidió al desestimar la solicitud de *mandamus* y, por ende, incurrió en el señalamiento de error indicado por la parte apelante.

**IV.**

Por las razones discutidas anteriormente, revocamos la *Sentencia* apelada.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones